# Hawkins Lumber Co. v. Bray.

*Action of Trover.*

1. *Action of trover; burden of proof.*—In an action of trover, the

burden is upon the plaintiff to show that the alleged conversion oc-
curred before the institution of the suit; and this burden of proof is
not discharged where the only evidence as to the time of the conver-
sion is a statement in an agreed statement of facts, that the defend-
ant had moved and used a part of the property alleged to have been
converted between two dates which included a time before the in-
stitution of the suit and a time thereafter, without any additional
evidence showing that the alleged conversion occurred prior to the
commencement of the suit.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

The appeal in this case is taken by the Hawkins Lum-
ber Company, who were plaintiffs in the court below, in
a suit against John W. Bray from a judgment rendered
in behalf of the defendant; and the rendition of this
judgment is the only error assigned. The facts of the
case are sufficiently stated in the opinion.

JOHN H. MILLER and F. C. BLACKBURN, for appel-
lant.

BOWMAN & HARSH, contra.

McCLELLAN, J.—This is an action of trover prose-
cuted by the Hawkins Lumber Company against Bray
for the alleged conversion of lumber constituting part of
a certain bridge. The onus was, of course, on the plain-
tiff to reasonably satisfy the court by a preponderance
of the evidence that the lumber belonged to it and that
the defendant before suit brought converted the same to
his own use. The trial was had without jury on an
agreed statement of facts. The suit was instituted on
June 27, 1893. The agreement as to the facts was en-
tered into on July 5, 1893. The only evidence adduced
as to the time of the conversion by the defendant is this
paragraph in said statement of facts : "Ermann & Mer-
ritt sold to John W. Bray the bridge or lumber sued for
in this action on the 17th day of May, 1893, and the
said Bray has moved and used about twenty thousand
feet of said bridge and lumber." Whether the conver-
sion thus shown occurred before June 27th, when the
action was instituted, or between that date and July 5th,
when the statement was agreed upon, the court below
was left entirely to conjecture. The statement covered

all the time elapsing between May 17th and July 5th, and referred as well to a conversion upon a day within that period subsequent to June 27th as to a day prior to that date. The burden resting upon plaintiff was not discharged. It was not affirmatively shown to the reasonable satisfaction of the court that the alleged conversion was before suit brought. The case for plaintiff was not made out. And the city court correctly found for the defendant.

Affirmed.